2-19-2008 BTB                                                            65100/01134LIT-4763

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**FILED**
**FEBRUARY 20, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

| | |
|---|---|
| JAMES T. SULLIVAN, not individually but as Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMEN EDUCATION AND TRAINING, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, | No. **08 C 1035** **JUDGE NORGLE MAGISTRATE JUDGE NOLAN** |
| Plaintiff, | Judge |
| v. | Magistrate Judge |
| HOWE PLUMBING, INC., an Illinois corporation, | |
| Defendant. | |

## COMPLAINT

NOW COMES Plaintiff, JAMES T. SULLIVAN, not individually but as Trustee of PLUMBERS' PENSION FUND, LOCAL 130, U.A., PLUMBERS' WELFARE FUND, LOCAL 130, U.A., THE TRUST FUND FOR APPRENTICE AND JOURNEYMEN EDUCATION AND TRAINING, LOCAL 130, U.A., and CHICAGO JOURNEYMEN PLUMBERS' LOCAL UNION 130, U.A., GROUP LEGAL SERVICES PLAN FUND, by his attorneys, DOUGLAS A. LINDSAY, JOHN W. LOSEMAN, LISA M. SIMIONI, and BRIAN T. BEDINGHAUS, with LEWIS, OVERBECK & FURMAN, LLP of counsel, and, for his Complaint against Defendant, HOWE PLUMBING, INC., states:

1.      This action arises under the laws of the United States and is brought pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §§1132, 1145

("ERISA"), and the Labor-Management Relations Act of 1947, as amended, 29 U.S.C. §185 ("LMRA"). Jurisdiction is based upon the existence of questions arising thereunder as hereinafter more fully appears.

2. Plaintiff, JAMES T. SULLIVAN ("Sullivan"), is a Trustee of Pension Fund, Welfare Fund, Apprentice Fund, and Legal Fund (collectively "Funds"), which are "employee benefit plans" and "plans" under ERISA and are administered within this District, and Sullivan is authorized by Funds to bring this action on their behalf. Funds have been established pursuant to collective bargaining agreements previously entered into between Chicago Journeymen Plumbers' Local Union 130, U.A. ("Union") and certain employer associations whose employees are covered by collective bargaining agreements with Union.

3. Defendant is engaged in an industry affecting commerce, to wit: Defendant is a corporation organized and existing under the laws of the State of Illinois engaged in the plumbing industry.

4. Defendant is an "employer" under ERISA and LMRA.

5. There was in effect on and after June 4, 1996, a written collective bargaining agreement or agreements ("Agreements") between Union and Defendant. A true and correct copy of Agreements for the period from June 1, 2004, through May 31, 2010, and the signature page dated June 4, 1996, are attached as Exhibit A.

6. Pursuant to Agreement, Defendants are obligated and agreed to make contributions to Funds based upon hours worked by each employee covered by Agreement; to file with Union, on or before the 1st day of each month, an itemized report of payments due to Funds for the preceding month; to pay all contributions to Funds at the time of filing the

itemized report; if requested by Union or Funds, to make all books and records available for the purpose of determining compliance with Agreement; to pay liquidated damages and interest on contributions not timely paid to Funds; and to pay all costs incurred by Funds, including, but not limited to, legal, audit, and court fees, to enforce collection of any monies due.

7. Defendant has breached its obligations under Agreement by failing and refusing to submit reports of payments due and failing and refusing to pay all contributions due.

8. Defendant's refusal and failure to perform its obligations under the Agreements is causing, and will continue to cause, irreparable injuries to Plaintiff for which Plaintiff has no adequate remedy at law.

WHEREFORE, Plaintiff, JAMES T. SULLIVAN, etc., et al., prays:

a. That an accounting be made as to hours worked and wages received by all persons employed by Defendant to determine the amounts required to be paid to Funds and other Plaintiffs for the period from April 1, 2006, through the last day of the month in which the field work of the Funds' auditor is completed;

b. That Defendant be ordered to fully complete and submit to Union all delinquent monthly contribution reports, to continue to submit such reports while this action is pending, and to timely submit such reports in the future;

c. That judgment be entered in favor of Plaintiff and against Defendant for all unpaid contributions, interest, liquidated damages, audit costs, attorneys' fees, court costs, and other payments due as specified in the Agreements, and for such additional damages as are allowed under ERISA and/or the Agreements; and

d. That Plaintiff have such other and further relief as the Court deems just and equitable.

JAMES T. SULLIVAN, etc.,
by his attorneys, DOUGLAS A. LINDSAY,
JOHN W. LOSEMAN, LISA M. SIMIONI, and
BRIAN T. BEDINGHAUS


By:_____s/ Douglas A. Lindsay_____
     Douglas A. Lindsay
     LEWIS, OVERBECK & FURMAN, LLP
     20 North Clark Street
     Suite 3200
     Chicago, IL 60602-5093
     (312) 580-1251


Of Counsel:
LEWIS, OVERBECK & FURMAN, LLP
20 North Clark Street
Suite 3200
Chicago, IL 60602-5093
(312) 580-1200